IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Bo Anderson Taylor, #316071    ) | Civil Action No. 8:08-2634-HMH-BHH |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| A/W John Pate, Allendale, C.I., A/W    ) | |
| Jordan, Allendale C.I., Warden George ) | |
| T. Hagan, NS; Ms Helen Freeman;    ) | |
| The Inspector Generals Office,    ) | |
| ) | |
| Defendants.    ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motion for summary judgment. [Doc. 18] The plaintiff alleges that the defendants have denied him access to the courts by tampering with his legal mail in other pending court cases.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## DISCUSSION

The defendants contend that the plaintiff has failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a §1983 action concerning his confinement. 42 U.S.C.A. §1997(e) states:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In *Porter v. Nussle*, 534 U.S. 516 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. In *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006), the United States Supreme Court held that the PLRA exhaustion requirement requires proper exhaustion. The Court stated that "[a]dministrative law requires proper exhaustion of administrative remedies which means using all steps that the agency holds out, and doing so properly." *Id*. (Internal quotations and citations omitted). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. *Id*.

The Court takes notice, and it is undisputed, that in order to exhaust the South Carolina Department of Corrections ("SCDC") administrative remedies, an inmate must fill out a Form 10-5, Step 1 grievance, and give the form to the Institutional Inmate Grievance Coordinator within fifteen days of the alleged incident of which the inmate

complains. The Warden must respond to the Step 1 grievance in writing no later than forty days from the filing of the initial grievance. If the inmate is not satisfied with the Warden's response, he must file an appeal of the Step 1 grievance response by filing a Form 10-5a, Step 2 Request for Responsible Official Review, with the Inmate Grievance Coordinator within five days of the receipt of the response from the Warden. A responsible official has sixty days to respond to the Step 2 grievance. The decision of the official who answers Step 2 is considered the SCDC's final response in the matter. Only after completing both Steps 1 and 2 in the SCDC grievance process has an inmate properly exhausted a claim under §1983. 42 U.S.C. § 1997e; (see generally Hagan Aff.)

In his Complaint, the plaintiff concedes that he did not proceed any farther than his Step 1 Grievance. In Paragraphs II.C and D of the Complaint, he admits that the institution has a grievance procedure and that he filed a grievance relating to the difficulties concerning his legal mail in June and July 2008. (Compl. at 2.) In the following paragraph, the plaintiff further admits that he has not received a final agency/departmental/institutional answer or determination concerning this matter. *Id*. Later, the plaintiff states, "I started filing to all steps in the prison to define the matter," but he concedes that he has not received a response. (Compl. at 3.) But, in fact, this lawsuit was filed on July 21, 2008, approximately ten days from the July 2008 grievance. The plaintiff does not dispute that the factual predicate of this present lawsuit is the same as that which formed, in part, the basis of the grievance.

Moreover, the defendants have submitted evidence that the plaintiff has only submitted a Step 1 Grievance and that a final decision has not yet been rendered. (Hagan Aff. ¶¶ 11, 13.)  To the defendants' evidence and argument, the plaintiff makes virtually no reply in his response to summary judgment.  He summarily repeats that he has only filed a Step 1 Grievance and that it remains unanswered, after what he alleges has been a 6 to 8 month period.

Notwithstanding this alleged delay, the case should still be dismissed for failure to exhaust available remedies.  It is well-settled that "where certain administrative remedies are not made available to an inmate, it would be fundamentally unfair to prevent that inmate from litigating the underlying claims in a Section 1983 action because of a failure to exhaust." *Kennedy v. Nunnaly*, 2009 WL 778708, at *3 (D.S.C. March 20, 2009). In those instances, "the inmate is held to have satisfied the exhaustion requirement, even though they may not have actually participated in every process technically available to resolve their grievances." *Id.*;*see, e.g., Boston v. Padula*, 2007 WL 5387623 (D.S.C. Oct. 9, 2007) ("The fact than an inmate grievance system exists does not conclusively establish that an administrative remedy is available to Plaintiff.") (emphasis in original); see also Taylor v. Barnett, 105 F. Supp. 2d 483, 486 (E.D.Va.2000) (holding that an inmate had exhausted available administrative remedies where he had filed a grievance but had received no response to that grievance, which made him unable to proceed to the next stage of the grievance process).

4

But here the plaintiff filed his Complaint roughly *10 days* after filing his grievance. (Hagan Aff., Attach.) The grievance was filed on July 10, 2008, *id*., his Complaint was signed on July 16, and it was filed, July 21 [Doc. 1]. "He can only claim to have exhausted his remedies at the time at which they became unavailable to him." *Kennedy v. Nunnaly*, 2009 WL 778708, at *3. At the time he filed his Complaint, however, "officials were still investigating and processing his grievance, which means at the time the present action was initiated, his administrative remedies had not been exhausted," and it could not be said that they were somehow constructively "unavailable to him." *Id*. This district has held that, under circumstances where the Complaint has been filed so quickly after the grievance, it cannot be said that remedies are unavailable. *Id*. Otherwise,

> there would then be nothing to prevent inmates from filing § 1983 actions in federal court the day or the week after filing their initial grievance. Then, at any point in the future, if there was such a substantial delay in responding to the inmate's grievance that the administrative process could be said to be unavailable to the inmate, he or she would already have an action pending in federal court.

*Id*.

5

Accordingly, the Court recommends dismissal for failure to exhaust administrative remedies. The Court declines to recommend that any delay rendered the remedies unavailable.

## **CONCLUSION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment [Doc. 18] should be GRANTED and the plaintiff's claims dismissed *without prejudice*.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

March 31, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).